# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLIANCE BANK,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>NEW CENTURY BANK,<br><br>　　　　Defendant. | Civil Action No.:<br><br>2:10-cv-02249-JHS<br><br>U.S. District Judge Joel H. Slomsky |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED CONCLUSIONS OF LAW AND CROSS-MOTION TO STRIKE**

Plaintiff Alliance Bank ("Alliance")'s Response To Defendant's Proposed Conclusions of Law (the "Response") is an improper and unauthorized filing, and should be stricken from the record by the Court pursuant to Federal Rule of Civil Procedure 12(f). The Response comprises nothing but additional legal argument, and its submission to the Court at this point in the proceeding is, among other things, unfairly prejudicial to Defendant New Century Bank ("NCB").

First and foremost, Alliance did not seek leave of Court to present additional legal arguments – it simply submitted them. This fact alone provides sufficient basis for the Court to strike the entirety of the Response.

Second, the Response grossly misstates the facts to meet Alliance's own ends. To be clear, NCB has <u>not violated</u> its promises to the Court to tailor its Conclusions of Law to its previously-submitted Findings of Fact, and to not submit rebuttal arguments responding to Alliance's Conclusions of Law. NCB's Findings of Fact clearly pointed out the factual bases supporting trademark invalidity, including non-use in commerce, abandonment and mutilation. *See* Defendant's Findings of Fact (Doc. No. 28), ¶¶ 25, 27, 50-64 ("Alliance has never used the term 'Customer First' as the name for any mortgage products or services, or investment products

1

or services…."; "Alliance has used the term 'Customer First' in commerce in only three (3) ways…."; The Cirucci Declaration included forty-seven (47) advertisements allegedly showing use of the mark 'Customer First' in commerce. However, all of these advertisements actually show use of the mark 'Customer First Checking.'; "There is also no evidence that any advertisement including the term 'Customer First Checking' or the term 'Customer First' has been run in the past eighteen (18) months….") NCB's Conclusions of Law track, and are tailored to, the factual bases set forth in its Findings of Fact, as promised to this Court. *See* Defendant's Conclusions of Law (Doc. No. 31) ¶¶ 71-83 (discussing invalidity through non-use in commerce, abandonment, and mutilation). Additionally, nothing within NCB's Conclusions of Law comprises a rebuttal to Alliance's Conclusions of Law, a point which Alliance tacitly admits by omission.

Furthermore, with the exception of abandonment, all of the above-referenced grounds for invalidity were explicitly raised in NCB's Opposition filed June 2, 2010 (prior to any discovery). See Opposition to Motion for Preliminary Injunction (Doc. No. 16), p. 8, FN. 3.[1] Even if NCB had not raised these legal arguments in the Opposition, discovery in this action has revealed several grounds to cancel Alliance's trademark registration (and to preclude Alliance's common law trademark rights), and there is nothing improper about including such issues in NCB's Findings of Fact and Conclusions of Law.

Third, and most ironically, Alliance's Response is exactly the type of rebuttal response that the Court made clear would be impermissible at the hearing on June 29, 2010. In particular, the Response provides legal arguments <u>in rebuttal</u> to arguments raised in NCB's Conclusion of Law. The submission of such legal arguments by Alliance directly contradicts the fairness concerns raised at the hearing.

---

[1] Alliance concedes this point at page 2 of the Response, FN. 1.

Fourth and finally, the Response comprises yet another in a line of procedural games that Alliance has been employing since the inception of this action, including, arguing that service of the Complaint had been accomplished as of the date of mailing (without a Summons), attempting to depose lead counsel upon notice (and without a subpoena), and submitting substantive legal arguments in response to the Court's request for a case citation.[2]  The Court should not permit Alliance's 'fast and loose' tactics to continue unchecked.

For all of the foregoing reasons, Defendant New Century Bank opposes Alliance's Response, and respectfully requests that this Court strike it from the record.

Dated: July 6, 2010　　　　　　　　　By:
　　　　　　　　　　　　　　　　　　　　**DLA PIPER LLP (US)**

　　　　　　　　　　　　　　　　　　　　/s/ Darius C. Gambino
　　　　　　　　　　　　　　　　　　　　Darius C. Gambino (PA 83496)
　　　　　　　　　　　　　　　　　　　　Patrick Castañeda (PA 307715)
　　　　　　　　　　　　　　　　　　　　One Liberty Place
　　　　　　　　　　　　　　　　　　　　1650 Market St., Suite 4900
　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　　　　　Tel:　(215) 656-3300
　　　　　　　　　　　　　　　　　　　　Fax:　(215) 656-3301
　　　　　　　　　　　　　　　　　　　　E-mail: darius.gambino@dlapiper.com

　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant,
　　　　　　　　　　　　　　　　　　　　New Century Bank

---

[2] Alliance counsel's June 30, 2010 letter to the Court went far beyond the citation of the *DuPont* factors that the Court requested during the hearing of the same date.

## CERTIFICATE OF SERVICE

  I hereby certify that on this 6th day of July, 2010, true and correct copies of the foregoing **RESPONSE IN OPPOSITION TO PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED CONCLUSIONS OF LAW AND CROSS-MOTION TO STRIKE** were filed electronically using the CM/ECF system, which will automatically send e-mail notifications to all attorneys presently of record, and which will permit viewing and downloading of the same from the ECF system. True and correct copies of the foregoing were also transmitted via electronic mail on this day to:

  Manny D. Pokotilow, Esq., Caesar, Rivise, Bernstein, Cohen and Pokotilow, Ltd., 1635 Market Street, 11th Floor, Philadelphia, Pennsylvania 19103-2212, mpokotilow@crbcp.com,

  Counsel for Plaintiff.

Dated: July 6, 2010             /s/Darius C. Gambino
                       Darius C. Gambino, Esq.